YEE & KAWASHIMA, LLLP

JARED N. KAWASHIMA          6289
CHRISTIN D. W. KAWADA    10038
1000 Bishop Street, Suite 908
Honolulu, Hawaii  96813
Telephone:  (808) 524-4501
Facsimile:  (888) 524-0407
E-mail: jared@yklawhawaii.com
E-mail: christin@yklawhawaii.com

Attorney for Plaintiffs
HAWAII MASONS AND PLASTERERS TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII MASONS' PENSION FUND; HAWAII MASONS' AND PLASTERERS' ANNUITY FUND; HAWAII MASONS VACATION AND HOLIDAY FUND;  HAWAII MASONS TRAINING FUND; HAWAII MASONS HEALTH AND WELFARE FUND; <br><br>           Plaintiffs, <br><br>     vs. <br><br> ONO CONSTRUCTION, LLC, a Hawaii limited liability company; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE TRUSTS 1-10, <br><br>           Defendants. | CIVIL NO. _____ <br><br> COMPLAINT; SUMMONS |

## COMPLAINT

COME NOW Plaintiffs above named by and through their attorneys Yee & Kawashima, LLLP, and for Complaint against Defendants above named, allege and aver as follows:

1. Plaintiffs are the Trustees of the Masons and Plasterers Trust Funds, which include the Health and Welfare, Training, Annuity, Pension, and Vacation and Holiday Funds (hereinafter collectively referred to as "Trust Funds"). Plaintiffs are fiduciaries with respect to the Trust Funds within the meaning of section 3(21)(A) of Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(21)(A).

2. Specifically, the Pension and Annuity funds are pension plans as defined in section 3(2) of ERISA, 29 U.S.C. § 1002(2), and the Health and Welfare, Training, and Vacation & Holiday funds are employee welfare benefit plans as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1). The Trust Funds are multiemployer plans as defined in section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

3. The Trust Funds are jointly trusteed labor-management trust funds created and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

4.  This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f). Jurisdiction is proper pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a). Venue is proper pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and section 301(a) of the LMRA, 29 U.S.C. § 185(a).

5.  At all times relevant herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to the Labor-Management Relations Act and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

6.  At all times relevant herein, Defendant ONO CONSTRUCTION LLC ("ONO CONSTRUCTION") was a Hawaii limited liability company doing business in the State of Hawaii. At all material times ONO CONSTRUCTION

was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and within the meaning of section 501(3) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 142(3), and was engaged in an industry affecting commerce within the meaning of section 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12), and within the meaning of section 501(1) of the LMRA, 29 U.S.C. § 142(1).

7.   Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Trust Funds except that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representative, co-venturers, associates of the named Defendants and/or were in some manner presently unknown to the Trust Funds engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to the Trust Funds.  Trust Funds have made a diligent effort to ascertain the true names, identities, capacities, activities and/or responsibilities of said unidentified Defendants but have been unable to do so to date.  Trust Funds have made a diligent and good-faith effort to ascertain the full name, identity, and interest in this action of Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies

1-10, and Doe Trusts 1-10 including, but not limited to, investigative efforts to locate witnesses and other persons who may have knowledge of, or contributed to causing the injuries or damages to the Trust Funds, and to identify their roles with respect to same.

8. ONO CONSTRUCTION agreed to abide by all terms and conditions of the "Master Agreement Covering the Cement Finishing and Masonry Trades in the State of Hawaii" and the "Master Agreement Covering the Plasterers in the State of Hawaii" (collectively, the "Bargaining Agreement") and the Declaration of Trust Agreement for each respective Trust Fund. Said Bargaining Agreement and the Declaration of Trust Agreement for each respective Trust Fund is incorporated herein by this reference.

9. Trust Funds are third party beneficiaries of the Bargaining Agreement.

COUNT I (ONO CONSTRUCTION – Contributions and Damages)

10. ONO CONSTRUCTION agreed to be bound by all the terms of the Bargaining Agreement and various trust agreements and is specifically required to do the following:

> (a) To submit for each month a report stating the names, social security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by ONO CONSTRUCTION to Plaintiffs, or if no such persons are employed, to submit a report so stating;

   (b) To accompany the above reports with payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement or agreements;

   (c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing them to verify the accuracy of ONO CONSTRUCTION's past reporting upon request made by Plaintiffs;

   (d) To pay interest on any unpaid contributions at the rate of twelve percent per annum, computed from the first day of following month for which contributions are owed;

   (e) To compensate Plaintiffs for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in an amount equal to the greater of (1) interest on the unpaid contributions or (2) 10% of any and all contributions which are not received by Plaintiffs for a particular month prior to the 30th day of the succeeding month;

   (f) To pay any and all costs incurred by Plaintiffs in auditing ONO CONSTRUCTION's payroll records should it be determined that ONO CONSTRUCTION was delinquent in the reporting or submission of all contributions required to be made by it to Plaintiffs;

   (g) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require ONO CONSTRUCTION to submit its payroll books and records for audit or to recover delinquent contributions.

11. By agreeing to abide by such Bargaining Agreement, ONO CONSTRUCTION promised to pay to the Trust Funds certain amounts for employee benefits, for work and labor performed by ONO CONSTRUCTION

covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said Bargaining Agreement.

12. By agreeing to abide by such Bargaining Agreement, ONO CONSTRUCTION promised to pay to the Trust Funds interest on the unpaid contributions at the rate of twelve percent (12%) per annum or the rate prescribed under Section 6621 of the Internal Revenue Code of 1954, whichever is greater, computed from the first day following the month for which Trust Fund contributions are owed.

13. By said Bargaining Agreement, ONO CONSTRUCTION agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, ONO CONSTRUCTION would pay to each trust fund liquidated damages in an amount equal to the greater of (a) interest accrued on the unpaid contributions at the rate of twelve percent per annum or (b) ten percent (10%) of such delinquent and unpaid contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by said Agreement, as amended, for each delinquency as and for liquidated damages and not as a penalty.

14. ONO CONSTRUCTION has failed to pay contributions due and owing.

15. ONO CONSTRUCTION failed to pay interest due and owing.

16. ONO CONSTRUCTION failed to pay liquidated damages due and owing.

17. ONO CONSTRUCTION's obligations to Trust Funds, pursuant to said Bargaining Agreement, to make contributions, are continuing obligations and ONO CONSTRUCTION may accrue and owe additional amounts plus liquidated damages and/or interest up to the time of trial or proof.

18. At all times herein mentioned it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Trust Funds as a result of the non-payment of said contributions. The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Trust Funds by the non-payment of said contributions.

19. By said Bargaining Agreement, ONO CONSTRUCTION further promised that if it became necessary for Trust Funds to take legal action to enforce payment of contributions and/or liquidated damages from ONO CONSTRUCTION, ONO CONSTRUCTION would pay all court and collection costs and reasonable attorney's fees.

20. Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA")

govern the enforcement of employer contributions to employee pension and welfare trust funds. ERISA Section 515 (29 U.S.C. § 1145) provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

21. Section 515 is reinforced by the remedial provisions of ERISA section 502(g):

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan —
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of
>
>   (i) interest on the unpaid contributions, or
>
>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate

      provided under the plan, or, if none, the rate
prescribed under section 6621 of Title 26.

22.    ONO CONSTRUCTION'S failure to transmit payments for contributions and liquidated damages in a timely fashion to Trust Funds for hours worked by its employees caused damage to Trust Funds in an amount to be proven at trial.

WHEREFORE, Trust Funds pray as follows:

(1)    For judgment against ONO CONSTRUCTION for outstanding trust fund contributions, interest, and liquidated damages, in an amount to be proven at trial, together with additional damages as may be shown at trial, accrued interest through the date of judgment, attorneys fees and costs; and

(2)    Such other relief as the Court deems just and equitable.

DATED:  Honolulu, Hawaii, November 20, 2018.

                        /s/ Jared N. Kawashima
                        JARED N. KAWASHIMA
                        CHRISTIN D. W. KAWADA
                        Attorneys for Plaintiffs